# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW KRIEGER,

    Petitioner,

vs.

MR. BACA, *et al.*,

    Respondents.

Case No. 3:15-cv-00003-HDM-VPC

**ORDER**

    On June 17, 2015, this court granted petitioner's motion for a stay of his federal habeas petition in accordance with *Rhines v. Weber* and closed this action (ECF #9).  Now before the court is respondents' motion for reconsideration of that order (ECF #10).

    Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Here, this court granted the motion for stay because it appeared from petitioner's motion that he had a timely postconviction petition pending in state court (*see* ECF #s 7, 9). Respondents now move for reconsideration of that order based on a mistake of fact (ECF #10). They attach the state court docket, which indicates that petitioner does not have a state postconviction petition pending to challenge this judgment of conviction (ECF #11, Exh. 1). Petitioner has not responded to the motion for reconsideration in any manner. Respondents have demonstrated that the order granting the motion for stay should be reversed. Accordingly, respondents' motion for reconsideration of the order staying this case is granted.

**IT IS THEREFORE ORDERED** that respondents' motion for reconsideration of the order staying this federal habeas corpus proceeding (ECF #10) is **GRANTED.**

**IT IS FURTHER ORDERED** that this court's order dated June 17, 2015, granting petitioner's motion for stay (ECF #9) is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL REOPEN** this case.

**IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance (ECF #7) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition (ECF #5), including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.  **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits

by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

Dated this 22nd day of July, 2015.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE