UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW KRIEGER,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>MR. BACA, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:15-cv-00003-HDM-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Matthew Krieger's *pro se* petition (ECF No. 14). Krieger has not filed an opposition to the motion to dismiss or responded to the motion in any way. Respondents filed their notice of petitioner's failure to respond to the motion to dismiss on July 28, 2016 (ECF No. 19).

**I.    Procedural History and Background**

On or about February 26, 2013, Kreiger pleaded guilty to count I: voluntary manslaughter and count II: aiding and abetting kidnapping in the second degree (exhibit 22 to respondents' motion to dismiss, ECF No. 14).[1]

The state district court sentenced Krieger to 48 to 120 months on count I and to 72 to 180 months on count II, to run consecutive to count I. Exhs. 28, 29. Judgment of conviction was filed on February 27, 2013. Exh. 30.

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 14, and are found at ECF Nos. 15-17.

1

The Nevada Supreme Court affirmed his conviction on May 6, 2014, and remittitur issued on June 2, 2014. Exhs. 69, 71.

On August 25, 2014, Krieger filed a motion to correct an illegal sentence in the state district court alleging that "the district court abused its discretion and violated [his] constitutional right to equal protection by sentencing [him] disproportionately to the sentences given to [his] co-defendants" and that the use of his "juvenile criminal history" at sentencing violated state statutes and due process. Exh. 73. That motion was still pending in state district court when respondents filed the motion to dismiss. Krieger has not filed a state postconviction habeas corpus petition.

Krieger signed his federal habeas petition on December 27, 2014, and the court received it on January 5, 2015 (ECF No. 5). Respondents have now filed a motion to dismiss the five grounds as unexhausted, conclusory, or noncognizable (ECF No. 14). As discussed, Krieger has failed to oppose the motion to dismiss. The court notes that, pursuant to Local Rule 7-2(d), petitioner's failure to oppose constitutes consent to the granting of the motion.

**II.     Legal Standards & Analysis**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either (1) contrary to clearly established federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

**A. Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into

a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

### Ground 1[2]

Krieger argues that the trial court violated his Fifth and Fourteenth Amendment due process rights when it considered his sealed juvenile record, which is impermissible under Nevada state law, during the sentencing phase (ECF No. 5, pp. 4). The court agrees with respondents that this is a state-law issue and is not cognizable in federal habeas corpus. *Estelle*, 502 U.S. at 68; 62, *Hubbart*, 379 F.3d at 779-80; *Langford,* 110 F.3d at 1381. Accordingly, ground 1 is dismissed.

### B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

### Ground 2

Krieger claims that he was deceived by his trial counsel and pressured into accepting the plea deal (ECF No. 5, p. 4). He asserts that his counsel "assured" him that he would not get the maximum sentence or consecutive terms but he ended up with

---

[2] **While Krieger sets forth his federal claims as grounds 1 and 2, respondents break them down into five grounds. The court shall refer to his claims as grounds 1-5.**

3

both. *Id*. Ground 2, therefore, states a claim that Krieger did not voluntarily, knowingly and intelligently enter his guilty plea "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). However, Krieger has not presented federal ground 2 to the Nevada Supreme Court. *See* exhs. 47, 57. Ground 2 is, therefore, unexhausted.

**Ground 4**

Krieger contends that his trial counsel rendered ineffective assistance in violation of his Fifth and Sixth Amendment rights when he failed to object to the improper unsealing and use of Krieger's juvenile records, misled Krieger, and convinced him to enter a guilty plea (ECF No. 5, pp. 4, 6). Kreiger has not presented ground 4 to the Nevada Supreme Court and, accordingly, it is unexhausted.

**C. Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**Ground 3**

Krieger asserts that he was forced to enter a guilty plea to aiding and abetting kidnapping and did not verbally enter a guilty plea (ECF No. 5, p. 4). This vague, conclusory claim does not plausibly implicate federal constitutional error. Ground 3 is dismissed.

**Ground 5**

Krieger contends that his appellate counsel was ineffective because counsel "did not demonstrate my appealable issues properly causing affirmation by Supreme Court judges" (ECF No. 5, p. 7). The court agrees with respondents that ground 5 is entirely

4

conclusory and sets forth no factual allegations whatsoever that could entitle Krieger to habeas relief.  Ground 5 is, accordingly, dismissed.

## I.   Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A petition containing only unexhausted claims is subject to dismissal.  *Id*.; *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).  In the instant case, the court finds that (a) ground 1 is dismissed as not cognizable in federal habeas corpus; (b) grounds 3 and 5 are dismissed as conclusory; and (c) grounds 2 and 4 are unexhausted.  Because the court finds that the grounds remaining before the court are both unexhausted, petitioner has these options:

> 1.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 2.   He may file a motion asking this court to stay and abey his federal habeas petition while he returns to state court to exhaust his unexhausted claims.

With respect to the second option, a district court has the discretion to stay a fully unexhausted petition.  *Mena*, 813 F.3d at 912.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf*.  28 U.S.C. § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding whether or not his unexhausted claims are plainly meritless.  Respondent would then be granted an opportunity to respond and petitioner to reply.

Petitioner's failure to file a motion for stay or seek other appropriate relief from this court will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## II.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED** as follows:

Grounds 2 and 4 are unexhausted;

Ground 1 is dismissed as noncognizable in federal habeas corpus;

Grounds 3 and 5 are dismissed as conclusory.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal petition in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: August 5, 2016.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE